## Elizabeth M. Fuller v. William Henry Burke.

1. PRACTICE—*Affidavits Read in Evidence—How Made a Part of the Record.*—Affidavits read in evidence must be incorporated in the bill of exceptions if it is desired to make them a part of the record.

2. TRIAL BY THE COURT—*Weight of Evidence—Credibility of Witnesses.*—The judge, when trying a case without a jury, is the judge of the weight to be given to the evidence and also of the credibility of the witnesses.

Assumpsit.—Labor and materials. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed November 18, 1895.

E. K. SMITH, attorney for appellant.

DOOLITTLE, TOLMAN & POLLASKY, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee sued the appellant in assumpsit, the declaration containing the common count for work, labor and materials, and a count upon an account stated.

The work was done in the months of July and August, 1893, and September 25, 1893, an itemized bill of it amounting to $1,563.50 was delivered by the appellee to the appellant. The appellee testified that during the fall she often promised to pay it.

In connection with this testimony he put in evidence the following correspondence, his letters to her being produced by her counsel :

-" CHAMBER OF COMMERCE BLDG., 13 Nov., 1893. My dear Mrs. Fuller:

In my last letter written just a month ago I told you I was disappointed you did not call on me with a cheque as you had promised. I am very much hurt that after my explanation to you as to my difficult financial position you should neither have written or called on me—in fact, ignored me altogether. There is no doubt in my mind that if you had been so minded you could have let me have a cheque

for $1,000 long before this. The sum you are indebted to me, according to account rendered, is $1,563.50. Allowing $60 for the two months I was a dweller at 3139 Michigan boulevard, leaves a balance of $1,503.50, and my dire necessities compel me to say, although with great reluctance and much grief, that I must insist on prompt payment. Mr. Furber claims from me damages $27,600 and is keeping a large balance in his hands, although all the work is done. I have lost altogether this year $50,000, and that being so, I am distressed for money and must put pressure on every one who owes me money. I can not now afford to be generous or lenient. You have money and you must please pay me the amount of the bill rendered less the sum I have set forth for rent.

Yrs. faithfully,

W. H. Burke."

" My dear Mr. Burke:

To say your letter pained me, is putting it mildly. Twice Eva called to see you with a message, but you were absent. I have been very ill indeed, and you seem to have completely forgotten my existence. Can't you spare a few moments a Wednesday afternoon, and we will then talk and plan.       Truly,

Nov. 13th, '93.                Mrs. Fuller."

" My dear Mr. Burke:

Will you come and dine with us to-morrow, Sunday, at two o'clock?       Truly,

November 28th, '93.               Mrs. Fuller."

" Chicago, 13 Nov., '93.

My dear Mrs. Fuller:

It is again just one month since I last wrote you as to the payment of the money you owe me. My letter, you said, pained you. Why it should, puzzles me. Does an appeal to you to pay your debts cause you pain? If it does I am afraid I shall have to give you pain once more. As I told you in my letter of last month, I have had to have my accounts carefully made up to see the results of my trading in this city. In so doing I have got at the exact cost of the

marble and mosaic set in your house. It amounts to $1,892 actual cost. If I had to furnish similar work to an ordinary customer our charges would have been $2,275. As my bill against you is $1,563, I have given you a nominal sum of $712, but an absolute actual amount out of pocket of $329. More than this I can not give you, and my bill must be paid. You promised four months ago (17 Aug.) that you would make me a payment of $1,000, and you renewed this promise later on. Since, however, I ceased to dwell at 3139 you have thought it unnecessary even to make an excuse.

As I told you in previous letters, I fully believe you could, if you had so intended, have paid me long ago and you would have rendered me a great service; but the conviction is being forced upon me that you have made up your mind not to pay me unless forced to do so. As any action on my part to bring pressure to bear, would result in a hostile state of affairs, sad to contemplate after an acquaintance of now nearly three years, I make to you a last appeal. I have sundry debts due in January, that must be paid, and I must collect, for this purpose, every dollar that is owing to me. As a foreigner, you doubtless know I can collect my debts through the Federal Courts and so avoid the dilatory tactics that can be pursued in the State courts.

Now, like a good, sensible, business-like (and you are all that) woman, do not go into these wretched law courts. Do for pity's sake avoid litigation or you will bring to an abrupt termination, our hitherto kindly and friendly relations.

Please my dear Mrs. Fuller reflect on this and do not be rash, because this, as I have before stated, is the last appeal I shall personally make.

Believe me, yrs. very sincerely,

W. H. BURKE."

The date of the last letter is a mistake, and should have been December.

In answer to this case, the appellant put in evidence attacking the quality of the work, her own testimony that she had never accepted the work nor promised to pay, that she

paid him $100 September 15, 1894, and $1,000 October 9, 1894, and the testimony of the two other witnesses that they saw the $1,000 paid. She also put in evidence some amusing letters from him, dated before the work was begun, and two others as follows:

"MONDAY, 9 Apl., '94.

My dear Mrs. Fuller:

Bomo will pumice the whole of the floor in the dining, but do not let him touch it with oil, nor do anything to the bath rooms. Better, so far as they are concerned, wait till the marble man has got through with the mess he will make. Then Bomo can come up on Wednesday.

Yrs. very sincerely,

W. H. BURKE."

"CHICAGO, 25 Apl., '94.

My dear Mrs. Fuller:

I have only just returned from Minneapolis. I send you three tickets. Let me know by bearer at what hour I shall be in attendance at the door to receive you. If you come you will of course stay to dine.

Yrs. very sincerely,

W. H. BURKE."

The testimony of the two witnesses to the payment of the $1,000 is inconsistent in details, each with the other, and both with hers. The appellee denied both payments.

The court, trying the cause without a jury, discredited the testimony of payments (2 Taylor Ev. 1194, note 2), disregarded the attack upon the quality of the work, and found for the appellee $1,153.

The record shows that in rebuttal, the appellee puts in evidence the affidavit of a partial defense filed in this cause; but as no such affidavit is in the bill of exceptions, we can not know who swore to it, nor what it contained. Bowlan v. Lambka, 59 Ill. App. 334.

For aught we can know, judicially, that affidavit may have been by her admitting more due to the appellee than he has recovered.

The judgment must be affirmed.